UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHTAUB MOORE, | ) |
|     Plaintiff, | ) Civil Action. 1:24-cv-01814 (RCL) |
| v. | ) |
| JONATHON R. MOORE, | ) |
| LAW OFFICES OF JONATHON MOORE, PLLC, | ) |
| LESLIE SPOLTORE, | ) |
| OBERMAYER, ET AL., | ) |
| JULIE SANFORD, | ) |
| ECCLESTON & WOLFE, P.C. | ) |
| HALLORAN, FARKAS, KITTILA, ET AL., | ) |
| HILLARY DAVIS, | ) |
| MASROUR BARZANI, | ) |
| JOHN AND JANE DOES 1-10, | ) |
|     Defendants. | ) |
| KURDISTAN VICTIMS FUND, A 501 (c) 3 NON-PROFIT, UNITED STATES, et al., | ) |
|     Plaintiffs. | ) Civil Action No. 1:24-cv-00278 (RDM) |
| MASROUR BARZANI, | ) |
| MASOUD BARZANI, | ) |
| WAYSI BARZANI, | ) |

**RECEIVED**
APR 2 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

|  |  |
|---|---|
| MULLA "BABO" MUSTAFA BARZANI, | ) |
| | ) |
| AREEN MASROUR BARZANI, | ) |
| | ) |
| MUKSI BARZANI, ET AL., | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

**PLAINTIFF'S REPLY TO DEFENDANT LESLIE SPOLTORE'S OPPOSITION TO MOTION FOR SPOLIATION OF EVIDENCE AND REQUEST FOR COURT-APPOINTED ESI CUSTODIAN**

Comes now, Plaintiff Mahtaub Moore, and submits this Reply to Defendant Leslie Spoltore's Opposition to Motion for Spoliation of Evidence and Request for Court-Appointed ESI Custodian and states as follows:

1. Plaintiff filed and an amended complaint (ECF no. 3) on July 16, 2024 and served Defendant Spoltore on July 18, 2024. Plaintiff's Motion to Consolidate with the *Kurdistan Victims Fund et al., v. Barzani, et al.*, case no: 1:24-cv-00278 before The Honorable Randolph D. Moss is currently pending before the Court. At the time of the filing of this pleading, no party has filed a motion opposing Plaintiff's Motion to Consolidate (ECF. No. 13).

2. Defendant Spoltore's pleading errs in describing no meet and confer had been initiated per Fed. R. Civ. Proc. 26(a)(1) or under Fed. R. Civ. Proc. 26(f). Plaintiff certified before filing the Motion to Consolidate and the Motion for Spoliation attempted to reach counsel regarding the server and the allegations in Plaintiff's complaint. Plaintiff had previously contacted Mathieu Shapiro, counsel for Defendant Spoltore prior to the filing of the amended complaint with no answer and complete silence accept for agreeing to accept service on behalf of the defendant.

3. Plaintiff agrees with Defendant's argument spoliation occurs we the other side destroys, materially alters or fails to preserve evidence. *Clark v. Washington Metropolitan Area Transit Authority, 904 F. Supp.2d 11, 20 (D.D.C. 2012).* Plaintiff has alleged in the Motion for Spoliation the Dell server was abandoned and that "defendants had a duty to preserve the aforementioned evidence." And that the abandonment was deliberately orchestrated for future discovery…" (¶ 4).

4. Defendant Spoltore's Opposition to Plaintiff's Motion for Spoliation of Evidence and Court-Appointed Custodian of ESI as Plaintiff specifically details the abandonment by Defendants of the server, the repeated requests for the server to be taken, and identical files in possession of Defendant Spoltore and the other defendants is a central issue of Plaintiff's amended complaint.

5. Defendant Spoltore with the other defendants falsely accused Plaintiff of specific files specifically related to Defendants' in both Plaintiff's case and criminal conduct including the documents which are labeled in Plaintiff's amended complaints as exhibits. Defendant conveniently omits Plaintiff with great specificity detailed in the exhibits of the amended complaint the names of files in which Defendant's claim were stolen by Plaintiff and which "were labeled with the various corporations used to commit the acts as alleged in both Plaintiff Moore and KVF's cases." (Mot. For Spoliation ¶ 6).

6. Defendant Spoltore's motion in opposition should be dismissed as Plaintiff's motion is not premature and is critical. Preserving discovery is tantamount to Plaintiff's case, the KVF case if consolidation is granted, and other discovery currently commencing in the U.S. involving Defendants in both cases. An evidentiary hearing on the seriousness of Defendants' conduct including Defendant Spoltore in hiding or destroying evidence deeming them stolen by Plaintiff

and therefore unrecoverable during discovery, squarely and accurately places Defendant Spoltore in the jurisdiction of this Court.

Defendant Spoltore and the other defendants know the exact location of the ESI and other files, and as stated in Plaintiff's affidavit, is in direct contradiction to Defendant Jonathon Moore and Law Offices of Jonathon Moore, PLLC's other counsel William Green in a letter to Plaintiff Moore describing "files" are in a storage facility in Wilmington, Delaware (Exhibit 1). Either the files as Defendant Spoltore and defendants suggest were stolen and no longer available for discovery or are in storage; both theories cannot exist.

### B. Defendant Spoltore with other defendants abandoned evidence and ESI which is now under a federal subpoena served on Plaintiff.

This Court should deny Defendant Spoltore's opposition as the server was abandoned and unbeknownst to Plaintiff, Defendant Spoltore and the other defendants were aware of a $2 billion judgment against defendants' businesses and relatives in Plaintiff's and the KVF case (Exhibit 2). In addition, Defendant Spoltore with defendant's have destroyed or hidden evidence including files relating to Golden Eagle Global, Inc., a Delaware corporation with offices and business at 5335 Wisconsin Avenue, Washington, DC 20006. Defendant Spoltore with other Defendant's claim the files do not exist, were stolen by Plaintiff, yet were seen by Plaintiff in a Zoom call with Defendant Moore at an unrelated case hearing as detailed by Plaintiff's affidavit (Exhibit 3).

Further, Plaintiff Moore, on March 28, 2025 at 7:44 pm, was served a federal subpoena involving *Iraq Telecom Limited v. Sirwan Saber Mustafa Barzani*, et al., from the U.S. District Court for the Southern District of New York case no: 1:25-mc-00077 related to a Final Judgment in the U.S. District Court for the Eastern District of Pennsylvania ordered and adjudged on

August 24, 2024 (Exhibit 4). On March 10, 2025, The Honorable Dale Ho in the U.S. District court for the southern District of New York, granted Iraq Telecom Limited discovery served on Defendant's by alternate service and by last known address. Plaintiff's Motion for Spoliation of evidence and ESI custodian seeks transparency and protection from

Defendant Spoltore and other defendant's destruction of evidence and harassing Plaintiff for complying with a federal subpoena. As recent as April 1, 2025, Plaintiff received an email from Defendant Moore's counsel and co-colleague of Defendant Spoltore, William Green, in an effort to intimidate Plaintiff, stating Plaintiff "is not authorized" to have the server (Exhibit 5), whereby Plaintiff replied "not complying to a federal subpoena would be contempt of court." in effort to **Only by Plaintiff's Motion for Spoliation of Evidence in this Court, did counsel for Iraq Telecom Limited, aggressively seeking to enforce the $2 billion judgment against Defendant Moores' business associates and client Barzani and the Barzani family, the existence of the abandoned ESI including files related to Golden Eagle Global, Inc. which Defendant Spoltore continues to maintain are "lost, destroyed, or stolen" by Plaintiff, would not have been known and concealed by Defendants.**

### C. Defendant Spoltore is the only single defendant in all cases opposing Plaintiff's Motion for Spoliation of Evidence and Court Custody of ESI

This Court should grant Plaintiff's Motion for Spoliation of Evidence and take custodianship over the ESI which would allow all Plaintiff's and counsel in now four different federal cases seeking discovery the opportunity to review and have awareness of its existence including the Golden Eagle Global, Inc. files as alleged in Plaintiff's amended complaint. Defendant Spoltore's spoliation with other defendant's is in detail established by Plaintiff by: a) the alleged theft by Plaintiff whereby falsely stating they are lost or destroyed b) Defendant Spoltore and defendants' possession of the ESI including Golden Eagle Global, Inc. at the center

5

of illicit criminal activity concealed by Defendants in this case, *KVF, and Iraq Telecom Limited*, were destroyed to hide Defendant's cover-up of criminal activity whereby upon receiving a subpoena from any of the current federal cases in discovery they could claim Plaintiff destroyed or stole the evidence and not comply with any subpoena for production of documents or ESI.

## CONCLUSION

Defendant Spoltore's opposition should be dismissed and allow an evidentiary hearing to continue regarding destruction of ESI and evidence, their location if otherwise known, and the Court due to the current subpoenas being issued for the Dell server containing ESI abandoned by Defendants, in various federal cases seeking to enforce billion-dollar judgments related to Defendants in both Plaintiff's case and KVF, take custody of the ESI and Dell server to preserve evidence and allow counsel in all cases the opportunity for a fair and transparent discovery process.

Accordingly, this Court should deny Defendant's Opposition to Motion for Spoliation of Evidence and Court control of the ESI.

Respectfully submitted,

Mahtaub Moore, Plaintiff
1 Wood Road
Wilmington, DE 19806
M22strategies@gmail.com
703-946-3704

Date: April 2, 2025