# EXHIBIT 1

HALLORAN
FARKAS
KITTILA LLP

**William E. Green, Jr.**
Halloran Farkas + Kittila LLP
5722 Kennett Pike
Wilmington, Delaware 19087
Phone: (302) 268-6875
Email: wg@hfk.law

March 19, 2025

<u>**VIA Email**</u>

Ms. Mahtaub Moore
1 Wood Road
Wilmington, DE 19806
m22strategies@gmail.com

      **Re:**  <u>**Server in the basement of 1 Wood Road.**</u>

Dear Ms. Moore:

      I write on behalf of Jonathon Moore in response to your March 11, 2025 email to various counsel in *Kurdistan Victims Fund v. Barzani*, No. 1:24-cv-00278 (RDM) regarding Mr. Moore's computer server, which remains in the basement of 1 Wood Road and is the subject of your March 13, 2025 motion for spoilation of evidence and request for court-appointed ESI custodian filed in both the *Kurdistan Victims Fund* case and *Moore v. Moore*, No. 1:24-cv-01814 (RCL).

      As you know, on July 27, 2024, Mr. Moore removed his law firm's archived files from 1 Wood Road and overlooked the server in the basement. For avoidance of doubt, the server was not abandoned nor was it intentionally discarded. After removing his archived client files from 1 Wood Road, Mr. Moore placed them in a storage facility in Wilmington, where they remain. Other archived records are being kept at his East Hampton residence.

      Although you have corresponded regarding the server at various times, it is my understanding that no formal response to your inquiries has been made on Mr. Moore's behalf. <u>Please call me to schedule a time when the server can be picked up. I will arrange for a messenger to bring it to my office and have it placed in the Wilmington storage facility</u>.

      In light of the pending civil actions, Mr. Moore understands his obligation to preserve all potentially discoverable material, to include all of his law firm files and personal records pending resolution of the various legal proceedings. Please note that although some of your personal information may reside on the server, there is no basis for any claim that you have a legal right to possess the server or any right to access the information stored on it. The server is the property of Mr. Moore's law firm, and contains privileged and confidential client information. <u>You are not authorized to access any information on the server, as that information belongs to the law firm and to Mr. Moore personally</u>. Please cease and desist from accessing, using, or disseminating any information derived from the server.

      In closing, please give me a call at 302-545-5498 to schedule a time that I can have a messenger pick up the server.

Ms. Mahtaub Moore
March 19, 2025
Page 2

Sincerely,

*/s/ William E. Green, Jr.*
William E. Green, Jr.
Attorney at Law
HALLORAN FARKAS + KITTILA LLP

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IRAQ TELECOM LIMITED | Case No. 24-cv-03728 |
| v. | **FINAL JUDGMENT** |
| SIRWAN SABER MUSTAFA, KOREK TELECOM COMPANY LLC, and KOREK INTERNATIONAL (MANAGEMENT) LIMITED | |

It is **ORDERED**, **ADJUDGED**, and **DECREED** that for the reasons stated in the Court's Memorandum entered August 23, 2024 (Dkt. 4), and as ordered on August 23, 2024 (Dkt. 5), the Motion to Confirm Foreign Arbitration Award of Applicant-Petitioner Iraq Telecom Limited against Intervenors Sirwan Saber Mustafa ("**Mr. Barzani**"), Korek Telecom Company LLC ("**Korek**"), and Korek International (Management) Limited ("**CS Ltd.**") is **GRANTED**.

The Arbitration Award (Dkt. 2 at 30-325) is in all things **CONFIRMED** and **ADOPTED** as a Judgment of this Court as authorized by 9 U.S.C. §§ 13 and 207.  A money judgment is entered as set forth in the Award (Dkt. 2 at 294-297) as follows:

      I.      CS Ltd. and Mr. Barzani shall pay International Holdings Limited, on a joint and several basis, **$1,459,237,099.28**, which is the sum of: (i) $1,329,004,217.00 in damages and pre-Award interest; (ii) $85,771,407.06 in post-Award interest on the amount in (i) at a rate of 6.45381% (equaling the three-month term Secured Overnight Financing Rate ("**SOFR**") on March 20, 2023 of 4.45381%, per the New York Federal Reserve website, plus 2% *per annum*) through March 20, 2024, on which date interest was compounded; and (iii) $44,461,475.22 in interest on the amounts in (i) and (ii) that accrued from March 20, 2024 through August 23, 2024 at a rate of

7.35300% (equaling the SOFR three-month term on March 20, 2024 of 5.35300%, per the New York Federal Reserve website, plus 2% *per annum*), in the per diem amount of $285,009.46.

II.    CS Ltd., Mr. Barzani, and Korek shall pay Iraq Telecom Limited, on a joint and several basis, **$351,704,177.24**, which is the sum of:

(A)    $329,914,473.93, which is the sum of (i) $300,470,518.00 in damages and pre-Award interest; (ii) $19,391,796.34 in post-Award interest on the amount in (i) at a rate of 6.45381% through March 20, 2024, on which date interest was compounded; and (iii) $10,052,159.59 in interest that has accrued at a rate of 7.35300% on the amounts in (i) and (ii) from March 20, 2024 through August 23, 2024, in the per diem amount of $64,436.92; and

(B)    $21,789,703.31, which is the sum of: (i) $19,934,489.30 for legal and arbitral fees; (ii) $1,320,356.91 in post-Award interest on the amount in (i) at a rate of 6.62348% (equaling the three-month term SOFR on the day after 30 days of the Award, *i.e.*, April 20, 2023, of 4.62348%, per the New York Federal Reserve website, plus 2% *per annum*) through April 20, 2024, on which date interest was compounded; and (iii) $534,857.10 in interest that has accrued on the amounts in (i) and (ii) from April 20, 2024 through August 23, 2024 at a rate of 7.34789% (equaling the SOFR three-month term on April 19, 2024 of 5.34789%, per the New York Federal Reserve website, plus 2% *per annum*) in the per diem amount of $4,278.86.

International Holdings Limited and Iraq Telecom Limited are hereby awarded and shall recover interest on the sums above, in accord with 28 U.S.C. § 1961(a)-(b), at 4.46%, computed daily and compounded annually from August 23, 2024 until the Judgment is satisfied in full, including all interest owed thereon.

This is **FINAL JUDGMENT**.

The Clerk of Court is **DIRECTED** to enter **JUDGMENT** and mark this matter **CLOSED**.

**IT IS SO ORDERED.**

      **SIGNED** on this <u>20th</u> day of <u>September</u>, 2024.

                  s/ *R. Barclay Surrick*

                The Honorable R. Barclay Surrick
                United States District Judge

# EXHIBIT 3

Sworn Affidavit

I, Mahtaub Moore, on April 2, 2025, being duly sworn, hereby states as follows:

1. I live at 1 Wood Road, Wilmington, DE 19806 and have since 2016. The home was also an office for my ex-husband, Jonathon Moore, Law Offices of Jonathon Moore, and CEO of Ingomar Fiduciary Services, Inc. a Delaware corporation. The law office official address was 5335 Wisconsin Avenue, Washington, DC 20006.

2. After my ex-husband abandoned the marriage, his entire office and files were abandoned by him until a move in September 2023. On and around August 2023, Jonathon Moore with William Green, Esq. inspected the files to be moved which included "active files" and was recorded by Bayshore Allied movers in providing an estimate for the move. That video features Jonathon Moore and William Green measuring files and the file cabinets.

3. Around the middle of September 2023, Bayshore Allied moved the entire office of Jonathon Moore's with all files and file cabinets to 134 Three Mile Harbor Road, East Hampton, NY 11937. The office at that location which was our summer home resides in the "barn" of the property.

4. On and around October and November 2023, a demand was made for files relating to Golden Eagle Global, Inc., a shell company set up for the criminal activity and business' of the Barzani family of Kurdistan and Al-Rushaid Aviation, Ltd., a Delaware corporation also set up to hold a G1 Bombardier plane with Jonathon Moore as officer.

5. No active files remained at 1 Wood Road W ilmington, DE 19806. The files remained were approximately 40 file boxes abandoned by Jonathon Moore at the residence. I received a demand from his lawyer and Defendant Leslie Spoltore to send or return "active files" relating to the Barzani family and Al-Rushaid.

6. As there were no "active files" or pink files as Mr. Moore described, I sent back as many file boxes as existed with Golden Eagle Global, Inc., Golden Eagle Global Management, LLC, and the other subsidiaries in the list demanded by Moore and Spoltore. I went beyond what they demanded.

7. On February 29, 2024, I took photos of the file boxes and labels of the corporations on those boxes. I took photos at Federal Express (in my amended complaint a exhibits) and sent them to Jonathon Moore to 134 Three Mile Harbor Road, East Hampton, NY 11937. Mr. Moore signed for and accepted those files on March 1, 2024 as indicated by the exhibits in my amended complaint Moore v. Moore, Spoltore, et al.

8. On and around May 2024, Defendant Spoltore and Moore threatened and harassed me accusing me of stealing the files and never returning them to Defendant Moore despite the

1

federal express signature of Moore and proof of delivery. Around that time Defendant Moore was sued in the Kurdistan Victims Fund et al, v. Barzani et al., case.

9. Thereafter, Defendant Spoltore and Moore continued to bring false charges of contempt of court, threaten sanctions and financial ruination of me.

10. On and around May and June 2024, I discovered a Dell server abandoned by Defendant Moore on the third floor and promptly wrote Justin Flint, Esq., Defendant Moore' attorney of record in the Kurdistan Victims Fund case. Upon information and belief, Defendant Moore and Spoltore concocted the "stolen files" scenario against me to file a false insurance claim for the purpose of paying Defendant Moore's legal fees in the KVF case through L Squared Insurance Agency, Inc., of Grand Rapids, Michigan.

11. From June 2024 to present, the Dell server remained abandoned after repeated letters to Defendant Moore and his counsel which was not responded to and no efforts were made to claim the server.

12. On and around March 2025, I filed a Motion to Consolidate the current case in D.C. with the KVF case as both had parallel allegations and defendants. I also learned at that time from court filings, a $2 billion judgment had been ordered affirmed against a Barzani family member for fraud, embezzlement, and corruption in the *Iraq Telecom Limited v. Korek (Barzani)* case.

13. Understanding the overlap with defendants business interests and intricate corporate structuring and layering and with knowledge discovery was commencing with the Iraq Telecom Limited case, I filed a motion to prevent the destruction of evidence and for the court to take possession of the Dell server.

14. After the filing of that motion, which was on the public record and through Pacer, on March 28, 2025 at 7:44 pm. I received a federal subpoena from the U.S. District Court for the Southern District of New York which I promptly complied with.

15. In responding to that subpoena, the only item and information I held was the Dell server. I hold no paper files or documents of Defendant Moore's including  Golden Eagle Global, Inc., GEGI Management, LLC, all GEGI subsidiaries, and Al-Rushaid. If those files had been in my possession I would have been compelled to produce them for inspection to comply with the March 28, 2025 federal subpoena.

2

16. On April 1, 2025, I informed counsel William Green, Theodore Kittila, William McGrath, Jr., Delisa Martinez, and Mathieu Shapiro, I had received a federal subpoena and would comply with it. I received an email from William Green stating I wasn't authorized to disseminate files in an effort to obstruct my complying with the federal subpoena. I was also told by William Green earlier in March 2025, the file boxes which remained in the basement and moved on July 27, 2024 were "in storage" in Wilmington, Delaware at a location Mr. Green clearly knows.

State of Delaware
County of New Castle

Signed and sworn to (or affirmed) before me on April 2, 2025 by Mahtaub Moore

_____
Signature of Mahtaub Moore

_____
Signature of Notary Officer

_01/03/27_____
My Commission Expires

Cameron Lucas ST. Bernard
State of Delaware
Notary Public
Commission No. 20250103000003
My Commission Expires 1/3/2027

3

# EXHIBIT 4

1:25-mc-00077-DEH   Document 8   Filed 03/10/25   Page 1 of 4

MEMO ENDORSED

WRITER'S DIRECT DIAL NO.
**(801) 515-7333**

WRITER'S EMAIL ADDRESS
**dennishranitzky@quinnemanuel.com**

March 7, 2025

**VIA CM/ECF**

Honorable Dale E. Ho
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Iraq Telecom Limited v. Sirwan Saber Mustafa, et al.* (1:25-mc-00077-DEH) —
       Letter Motion for Leave to Serve Defendants by DHL Mail Service

Dear Judge Ho,

        We are counsel for Plaintiff Iraq Telecom Limited in the above-referenced action against Defendants Sirwan Saber Mustafa ("**Barzani**"), Korek Telecom Company LLC ("**Korek**"), and Korek International (Management) Limited ("**CS Ltd.**," and collectively, "**Defendants**"). Iraq Telecom intends to serve post-judgment discovery and enforcement processes pursuant to Federal Rule of Civil Procedure ("**FRCP**") 64 and CPLR Article 52 on persons and entities based in this District or otherwise subject to this Court's jurisdiction. The relevant rules require that certain post-judgment enforcement documents addressed to Defendants be served upon them and copies of such documents addressed to third parties also be served on Mr. Barzani. *See, e.g.*, CPLR 5222(d) (requiring notice to a natural person judgment debtor of a restraining notice upon a third party). But Defendants are located abroad, and their attorneys from the Eastern District of Pennsylvania action (where the judgment in this case originates), who applied to but have not been permitted to withdraw, have refused service for all such post-judgment filings in this case. *See* Ex. 1. In the interest of avoiding unnecessary motion practice regarding purported lack of notice, Iraq Telecom respectfully moves pursuant to FRCP 5(b)(1) for this Court to issue an order authorizing Iraq Telecom to effect service of any post-judgment submissions, including but not limited to submissions addressed to third-parties that require notice to Defendants, on Defendants by DHL delivery to their respective addresses with return receipt requested.

**Background**

        In this proceeding, Iraq Telecom has registered a judgment issued by the U.S. District Court for the Eastern District of Pennsylvania confirming a foreign arbitral award under 9 U.S.C. § 207. ECF No. 1. The case in which Iraq Telecom brought this motion, No. 2:19-mc-00175-RBS (the

"**EDPA Action**"), was initially a miscellaneous action that Iraq Telecom brought pursuant to 28 U.S.C. § 1782 to obtain discovery in aid of a foreign arbitration. Defendants intervened in that action to request access to the same discovery. *See* Ex. 2 (memorandum and order granting intervention). On March 20, 2023, the arbitral tribunal, relying in part on the discovery obtained in the EDPA Action, issued its final award against Defendants. On July 3, 2023, Iraq Telecom moved to confirm the arbitral award in the EDPA Action. *See* 9 U.S.C. § 6 (applications to confirm arbitral awards "shall be made and heard in the manner provided by law for the making and hearing of motions"). Defendants did not timely respond, but instead, on September 22, 2023— approximately a month after Iraq Telecom requested that the court enter a default judgment— counsel for Defendants moved to withdraw as attorneys. *See* Ex. 3. This was a plain and obvious attempt to oppose confirmation after the time for opposing Iraq Telecom's motion to confirm had expired: Defendants used their motion to argue that the Court lacked both subject matter jurisdiction to enter the award and, despite their voluntary intervention, personal jurisdiction over them. *See* Ex. 4, at 5–11. The court rejected Defendants' arguments against confirmation, and issued a judgment confirming the award. *See* Exs. 5 (memorandum), 6 (order). The court in the EDPA action, however, has not addressed Defendants' counsel's motion to withdraw.

On February 27, 2025, Iraq Telecom registered the judgment in this Court. That same day, counsel for Iraq Telecom wrote to counsel for Defendants in the EDPA Action, requesting confirmation that they would accept service of papers filed or issued in this Court, given that their motion to withdraw was still pending. *See* Ex. 1. This email was sent as a courtesy: 28 U.S.C. § 1963 does not require service of judgments after they are registered. Counsel for Defendants responded: "We will not accept service. We have moved to withdraw in the discovery proceeding, and never agreed to be counsel in the arbitration recognition proceeding." *Id.*

**Argument**

"Service of [] post-judgment motions" and papers is governed by FRCP 5. *Harrison v. Republic of Sudan*, 802 F.3d 399, 406 (2d Cir. 2015), *adhered to on denial of reh'g*, 838 F.3d 86 (2d Cir. 2016), *and rev'd and remanded on other grounds*, 587 U.S. 1 (2019); *see, e.g., First City, Texas-Houston, N.A. v. Rafidain Bank*, 197 F.R.D. 250, 256 (S.D.N.Y. 2000) (When post-judgment "discovery is sought from a party represented by an attorney, service may proceed either under Rule 5(b) of the Federal Rules of Civil Procedure or under the rules of service established in the relevant state."), *aff'd*, 281 F.3d 48 (2d Cir. 2002). Under FRCP 5, "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." FRCP 5(b)(1). And service on a party may be made by, among other things, "mailing it to the person's last known address—in which event service is complete upon mailing." FRCP 5(b)(2)(C). "No service is required on a party who is in default for failing to appear." FRCP 5(a)(2).

Iraq Telecom seeks leave from the Court pursuant to FRCP 5(b)(1) and (2) to serve Defendants with post-judgment enforcement processes, and, where needed, notice of such processes to third parties, by mail. The judgment and all relevant papers in the EDPA Action were properly served on Defendants' counsel via CM/ECF, notwithstanding the motion to withdraw as counsel, because "each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Irwin v. Dep't of*

*Veterans Affs.*, 498 U.S. 89, 92 (1990) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962)); *see, e.g., Branch v. United States*, 2017 WL 5973403, at *2 (E.D.N.C. Dec. 1, 2017) ("Here, the clerk complied with Rule 77(d)(1) when he served notice via CM/ECF of the order and judgment on the attorney representing Branch. *See* FRCP 5(b)(1). Branch received the notice to which he was entitled when notice was served on his attorney."). But Defendants' counsel has refused to accept service of documents filed in this post-judgment action, notwithstanding the fact that their motion to withdraw in the EDPA Action is still pending. There is a substantial argument that, as a result, service on Defendants' counsel in the EDPA Action suffices, *see, e.g., Guam Econ. Dev. Auth. v. Ulloa*, 841 F.2d 990, 993 (9th Cir. 1988) ("notice served upon a party's attorney of record is adequate" even after judgment has entered), or, alternatively, that no service on Defendants is required because they are in default under FRCP 5(a)(2). But serving copies of post-judgment papers on attorneys who have disclaimed any attorney-client relationship with Defendants, or failure to serve them altogether, could result in unnecessary motion practice. In the interest of mooting such issues, Iraq Telecom seeks leave for this Court to serve Defendants by mail pursuant to FRCP 5(b)(2)(C). *See, e.g.*, 4B Wright & Miller, Fed. Prac. & Proc. Civ. § 1145 (4th ed.) ("[S]ervice on a party is valid—indeed it is obligatory—if that party does not have an attorney or if the attorney has ceased to represent the party. . . . The second exception permits service on the party at the express direction of the district court.").

FRCP 5(b)(2)(C) does not require a showing that service complies with the Hague Convention on the Service Abroad of Judicial and Extra-Judicial documents in Civil and Commercial Matters (the "**Hague Convention**"). Though FRCP 4(f) contains provisions requiring compliance with international agreements when serving the complaint and summons, "once Plaintiffs serve the original Complaint, pursuant to [FRCP] 5, service of subsequent pleadings need not be accomplished through the Hague Convention." *Topping v. Deloitte Touche Tohmatsu CPA Ltd.*, 2014 WL 13118091, at *5 (S.D.N.Y. Oct. 3, 2014). That said, although no such showing is necessary, service by mail on Defendants' last known address would *not* violate the Hague Convention or any other international agreement:

- Two Defendants (Mr. Barzani and Korek) reside in or are based in Iraq, which is not a party to the Hague Convention. *See Status table*, Hague Conference on Private International Law, https://perma.cc/6VZW-E7RA (listing signatories); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 n.4 (9th Cir. 2002) (Hague Convention does not apply when country is not a signatory).

- CS Ltd. is a company incorporated, and with its registered office address, in the Cayman Islands. As a British Overseas Territory, the Cayman Islands is a signatory to the Hague Convention. Service by mail is permissible under the Convention "as long as the receiving state does not object." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017). "The United Kingdom has not objected to the provisions of the Hague Convention that permit service by mail . . . ." *Thomas & Thomas Rodmakers, Inc. v. Sharpe's, Inc.*, 2007 WL 1057382, at *4 (S.D. Ohio Apr. 5, 2007).

*       *       *

For all these reasons, Iraq Telecom respectfully seeks leave pursuant to Federal Rule of Civil Procedure 5(b)(1)-(2) to serve Defendants by mail at their last known address.

Respectfully submitted,

Dennis H. Hranitzky

4

# EXHIBIT 5

## Subpoena served

**Mattie Moore** <m22strategies@gmail.com>                          Tue, Apr 1, 2025 at 6:04 PM
To: "William E. Green" <wg@hfk.law>

To be clear, I have to respond to a federal subpoena and fully comply.
Best
Mattie Moore
Sent from my iPhone

> On Apr 1, 2025, at 5:15 PM, William E. Green <wg@hfk.law> wrote:
>
> Ms. Moore--

## Subpoena served

**William E. Green** <wg@hfk.law>                                        Tue, Apr 1, 2025 at 5:15 PM
To: Mattie Moore <m22strategies@gmail.com>

Ms. Moore--

Please forward a copy of the subpoena.  To be clear, you are not authorized to produce any privileged/confidential information pertaining to Mr. Moore's clients, to include any paper or electronic files, the contents of the server in the basement of 1 Wood Road, and any information derived from the contents of any of Mr. Moore's client files.

Best,
Bill

William E. Green, Jr.
Partner

p   302-268-6875
m  302-545-5498
e   wg@hfk.law

Please note our new address:
5722 Kennett Pike
Wilmington, DE  19807
www.hfk.law

This electronic message transmission, any attachments hereto, and the information contained herein is intended only for the use of the individual or entity to which it is addressed, contains information from Halloran Farkas + Kittila LLP which may be confidential, protected by the attorney-client privilege and/or the work product doctrine, and may be exempt from disclosure.  If the reader of this message is not the intended recipient or any employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this communication is strictly prohibited. If you have received this communication in error, please notify Halloran Farkas + Kittila LLP immediately and delete the original message. Thank you.

HALLORAN
FARKAS
KITTILA LLP

**William E. Green, Jr.**
Halloran Farkas + Kittila LLP
5722 Kennett Pike
Wilmington, Delaware 19087
Phone: (302) 268-6875
wg@hfk.law

March 28, 2025

Ms. Mahtaub Moore
Hillcroft
1 Wood Road
Wilmington, DE 19806

      **Re:**    **<u>Petition Rule to Show Cause.</u>**

Dear Ms. Moore:

      We have received your letter dated March 24, 2025 and subsequent emails on the subject of the scheduled hearing on Mr. Moore's Petition for a Rule to Show Cause (the "Petition") in the Family Court matter. The only remaining issue to be resolved by that hearing involves Mr. Moore's missing client files.

      As you are aware, after moving his law firm files out of 1 Wood Road, Mr. Moore discovered that he does not have all of his files. Specifically, certain client files relating to (a) <u>GEGI Management</u>, LLC, (b) <u>Al Rushaid Aviation Limited</u>, and (c) <u>Golden Eagle Global</u> are needed in connection with his continuing representation of these clients. In light of tax season, prior information regarding these clients' tax returns is needed in connection with preparing 2024 returns.

      In exchange for all information you may have regarding the whereabouts of Mr. Moore's client files and your help in successfully retrieving these files, Mr. Moore is willing to withdraw the Petition. Please let us know whether you might be willing to provide such information, and we will draft up a proposed Settlement Agreement by which we would withdraw the Petition once the missing files are back in Mr. Moore's possession. The Settlement Agreement would also cover any future claims Mr. Moore might have against you personally relating to these files. In other words, no future questions of you would be asked regarding the whereabouts of Mr. Moore's missing client files.

      We look forward to hearing from you regarding this suggestion.

               Very truly yours,

               */s/ William E. Green, Jr.*

               William E. Green, Jr.
               Attorney at Law

CERTIFICATE OF SERVICE

I, Mahtaub Moore,  Plaintiff, certify that on April 2, 2025, an electronic copy of the

foregoing was served to Defendant Spoltore's counsel, via email:

William McGrath, Jr., Esq., Mathieu Shapiro, Esq., and Delisa Martinez, Esq.

wmcgrath@kalbianhagerty.com, Mathieu.shapiro@obermayer.com,

delisa.martinez@obermayer.com

By: _____

     Mahtaub Moore

7