UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHTAUB MOORE,<br><br>    *Plaintiff,*<br><br>v.<br><br>LAW OFFICES OF JONATHON MOORE, LESLIE SPOLTORE, HILLARY DAVIS, ECCLESTON & WOLF, PC, *and* JOHN DOES 1–10,<br><br>    *Defendants*. | Case No. 1:24-cv-1814-RCL |

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant Leslie Spoltore's Motion to Dismiss the claims alleged against her in Plaintiff Mahtaub Moore's Amended Complaint, ECF No. 3 ("Am. Compl."), asserting both lack of personal jurisdiction and failure to state a claim. *See* Def. Spoltore's Mot. to Dismiss, ECF No. 13 ("Mot."). Because Plaintiff Moore has failed to allege a prima facie basis to support the Court's personal jurisdiction over Spoltore in the District of Columbia, dismissal under Rule 12(b)(2) is appropriate. The Court declines to reach the other grounds for dismissal Spoltore raises. Spoltore's Motion will be **GRANTED**, and the Amended Complaint will be **DISMISSED** as against Spoltore for lack of personal jurisdiction.

The Court also takes this occasion to note that Plaintiff Moore has repeatedly, despite multiple extensions and admonitions, failed to provide proof of service on the other named defendants in this case. The Court addresses this issue at the end of this Memorandum Opinion.

1

I.     BACKGROUND

A.     **Key Facts**

Plaintiff Mahtaub Moore, proceeding pro se, alleges that the defendants,[1] including her estranged husband Jonathon Moore through his law firm,[2] the Law Office of Jonathon Moore, surreptitiously implicated her in a conspiracy involving tax avoidance and terrorism financing. In short, certain of the Defendants allegedly set up a shell company named Ingomar Fiduciary Services, Inc., made Mahtaub Moore a fake employee of the company, and used the company and her falsified employment thereof as an instrument to buy luxury cars and funnel money to al-Qaeda and the Islamic State, beginning as early as 2006. *See, e.g.*, Am. Compl. ¶¶ 33, 42, 48, 50, 60, 77.

Defendant Spoltore—Jonathon Moore's divorce attorney, and the movant here—comes into the picture years later. In August 2023, Mahtaub Moore sued Jonathon Moore for divorce in Delaware family court. The only conduct Plaintiff Moore alleges against Spoltore is that Spoltore sought "false contempt charges" on behalf of Jonathon Moore in the Delaware divorce case. *Id* ¶¶ 11, 39; *see also* ¶¶ 63–64. Spoltore allegedly sought sanctions against Mahtaub Moore for retaining unspecified documents at her and Jonathon Moore's home in Delaware.[3] *Id.* ¶ 39.

---

[1] The Amended Complaint names nine defendants—one of whom is the current prime minister of the Kurdistan Regional Government—and identifies ten John Doe defendants. *See* Am Compl. at 1–2. To date, Plaintiff Moore has voluntarily dismissed five of the named defendants. *See* Pl.'s Mot. for Voluntary Dismissal of Defs. Jonathon Moore, Julie Sanford, and Masrour Barzani, ECF No. 5 at 1; Pl.'s Mot. for Voluntary Dismissal of Defs. Obermayer, Rebmann, Maxwell, Hippel, LLP and Halloran, Farkas, Kittila, LLP, ECF No. 4 at 1. The remaining named Defendants are (i) the Law Offices of Jonathon Moore, PLLC, (ii) Leslie Spoltore, (iii) Hillary Davis, and (iv) Eccleston & Wolf, PC. Plaintiff Moore also has yet to formally name the John Doe defendants, though she has filed a motion for leave to amend her complaint, [ECF No. 36], to identify certain of those defendants, which will be the subject of a later order.

[2] For clarity, Jonathon Moore is identified by his full name whenever mentioned in this opinion. Mahtaub Moore is referred to either by her full name or as "Plaintiff Moore."

[3] The Amended Complaint leaves the precise timing of the contempt proceedings unclear, and dockets in Delaware family court are kept under seal, so the Court can rely only on the procedural facts as alleged. Plaintiff Moore alleges that Defendant Spoltore filed a contempt motion on April 30, 2024, but, in the same passage, Plaintiff Moore also asserts that she satisfied the request underlying that motion on March 1, 2024. It seems possible, and even likely, that "March" should say "May." Elsewhere in the Amended Complaint, Plaintiff Moore separately alleges that contempt proceedings were initiated on June 14, 2024. This Court's ruling does not turn on those details.

Plaintiff Moore contends that the Defendant Spoltore's contempt motion falsely asserted that she had "stolen" the documents, when in fact the documents had been "abandoned . . . by Defendant [Jonathon] Moore." *Id.* ¶ 41. Plaintiff Moore further contends that she immediately complied with the order to produce the documents, but that Spoltore sought contempt "to destroy [Plaintiff Moore's] credibility and intimidate her from any fuure testimony." *Id.* ¶ 62. She brings this lawsuit in response to the foregoing conduct.

B. **Procedural Background**

Plaintiff Moore initially sued in June 2024. *See* Compl., ECF No. 1. She took an amendment as of right on July 16, 2024, *see generally* Am. Compl., and then proceeded to voluntarily dismiss several defendants, *see* supra note 1.

As to the remaining four named defendants—the Law Offices of Jonathon Moore, PLLC; Leslie Spoltore; Hillary Davis; and Eccleston & Wolf, PC—Plaintiff Moore has only proven effective service of process on Spoltore.[4] *See* Proof of Service, Ex. B to Mot. for Extension of Time, ECF No. 8. The Court extended the time for service twice at Plaintiff Moore's request. The first extension order, on October 24, 2024, explained that Plaintiff Moore "claim[ed] to have successfully served two defendants, but has not filed proof of service," so the Court would allow a sixty-day extension, which would not be extended further without evidence of "efforts made to effect such service." Order on Pl's Mot. to Extend Time for Serv., ECF No. 7. At the deadline, Plaintiff Moore produced (1) proof of service on Spoltore and (2) an affidavit of diligence explaining that a process server had "attempted to serve Law Offices of Jonathon R. Moore" but

---

[4] Although the Court entered an order stating that "Plaintiff ha[d] successfully served two defendants," that finding was in error. Order of Jan. 6, 2025, ECF No. 10. One of the two defendants was Spoltore's law firm, Obermayer, Rebmann, Maxwell, Hippel, LLP, which Moore had voluntarily dismissed (with prejudice) as a Defendant on August 28, 2024. *See* Notice of Voluntary Dismissal at 1, ECF No. 4.

3

had "discovered the law office was not located at" the address Plaintiff Moore provided. Exs. A & B to Mot. to Extend Time for Service, ECF No. 8. The Court then entered a second extension order, allowing thirty more days for Plaintiff Moore to serve the Law Offices of Jonathon Moore, Hilary Davis, Eccleston & Wolf, PC. *See* Order of Jan. 6, 2025, ECF No. 10. Plaintiff Moore has yet to file further proof of service as of the time of this opinion.

In the Amended Complaint, Moore alleges three causes of action against all defendants:

- In Count I, Moore alleges libel and defamation for "statements by Defendant's [sic] outside of privileged communication . . . and published online" by the Delaware Family Court. Am. Compl. ¶ 67. She contends that the Defendants' false statements implicate her in an attempt to "conceal the facts of criminality and continue to violate the U.S. Patriot Act." *Id.* ¶ 73. She seeks compensatory damages of $5,000,000, punitive damages of at least $10,000,000, and expenses and costs, including future attorneys' fees. *Id.* ¶ 75.

- In Count II, Plaintiff Moore asserts a claim under the Anti-Terrorism Act ("ATA"), alleging Defendants "aided and abetted terrorist acts in Iraqi Kurdistan and elsewhere and used plaintiff as further layer [sic] to commit acts in violation of 18 U.S.C. § 2333(d)(2)." *Id.* ¶ 77. These activities allegedly caused Plaintiff Moore to suffer "emotional and psychological scars a lack of sense of safety, protection, and security protecting the funding of these acts of terror for years to come." *Id.* ¶ 78. Plaintiff Moore seeks attorneys' fees, a judgment of $10,000,000, punitive damages, and prejudgment interest. *Id.* at 44.

- In Count III, Plaintiff Moore alleges a tort claim for infliction of emotional distress because the Defendants caused "(a) emotional harm; and (c) [sic] inconvenience and interference with usual and everyday activities." *Id.* at 45. Plaintiff Moore seeks $500,000 in compensation, $2,000,000 in punitive damages, and past and future expenses and costs of not less than $100,000. *Id.* at 46.

On February 19, 2025, Defendant Spoltore moved to dismiss the claims against her for lack of personal jurisdiction and failure to state a claim. *See* Mot. at 3, ECF No. 13. Plaintiff Moore opposed on March 24, 2025, *see* Mem. in Opp'n, ECF No. 15 ("Opp."). Spoltore replied on April 4, 2025, *see* Reply, ECF No. 17, making the Motion ripe for decision.

4

## II.     LEGAL STANDARDS

When faced with a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of "mak[ing] a prima facie showing" of specific facts that establish the court's personal jurisdiction over the defendant. *Livnat v. Palestinian Auth.*, 851 F.3d 45, 56 (D.C. Cir. 2017) (quoting *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988)); *see also Moore v. Motz*, 437 F. Supp. 2d 88, 90 (D.D.C. 2006). "[B]are allegations" are not sufficient. *Globe Metallurgical, Inc. v. Rima Indus. S.A.*, 177 F. Supp. 3d 317, 323 (D.D.C. 2016). Moreover, "[w]hen deciding personal jurisdiction without an evidentiary hearing . . . the 'court must resolve factual disputes in favor of the plaintiff,' but it 'need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts.'" *Livnat*, 851 F.3d at 56–57 (internal citations omitted) (quoting *Helmer v. Doletskaya*, 393 F.3d 201, 209 (D.C. Cir. 2004)). The same standard applies to pro se complaints. *See Caldwell v. District of Columbia*, 901 F. Supp. 7, 10 (D.D.C. 1995). While the Court has an "obligation to construe a pro se complaint liberally, . . . a pro se plaintiff is not 'freed from the requirement to plead an adequate jurisdictional basis for [her] claims.'" *Mensah-Yawson v. Raden*, 170 F Supp. 3d 222, 228 (D.D.C. 2016) (quoting *Gomez v. Aragon*, 705 F. Supp. 2d 21, 23 (D.D.C. 2010)).

## III.     DISCUSSION

Plaintiff Moore contends that this Court may exercise both general and specific personal jurisdiction over Spoltore. *See* Am. Compl. ¶ 26; Opp. at 13–14. Courts "may exercise general jurisdiction only when a defendant is 'essentially at home'" where the court is located, and allows courts to hear "'any and all claims' brought against a defendant." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *Goodyear Dunlop Tire Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "Specific jurisdiction is different: It covers defendants less intimately

5

connected with a State, but only as to a narrower class of claims." *Id.* at 359. "The defendant, we have said, must take 'some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State.'" *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *N'Jai v. U.S. Dep't of Educ.*, 111 F.4th 1288, 1290 (D.C. Cir. 2024) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). The D.C. long-arm statute authorizes the exercise of general jurisdiction "over a person domiciled in, organized under the laws of, or maintaining [her] principal place of business in, the District of Columbia as to any claim for relief." D.C. Code Ann. § 13-422. There is no allegation in the Amended Complaint to support finding that Defendant Spoltore is either domiciled in the District of Columbia or that her law firm, Oberman, Rebmann, Maxwell, and Hippel LLP, maintains a principal place of business in the District. Indeed, the Amended Complaint offers *no* allegations concerning Spoltore's domicile, *see* Am. Compl. ¶ 18, and the caption of the Amended Complaint associates Spoltore with a residential address in Delaware, *see id.* at 1. There is simply no basis in the pleadings to discern that Spoltore has any contacts with D.C. that satisfy § 13-422 of the long-arm statute or a connection that would otherwise make her "essentially at home" in the District, and therefore, the exercise of general jurisdiction is unavailable. *Ford Motor Co.*, 592 U.S. at 358 (citation omitted).

Plaintiff Moore also invokes specific personal jurisdiction under the "transacting any business" provision of the D.C. long-arm statute, *see* D.C. Code Ann. § 13-423(a)(1), which confers personal "jurisdiction to the full extent allowed by the Due Process Clause."[5] *Urquhart-*

---

[5] Moore also cites and quotes D.C. Code § 13-423(a)(4), which provides for specific personal jurisdiction over defendants who have "caus[ed] tortious injury in the District of Columbia by an act or omission outside the District of Columbia" as a person who "regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." But

*Bradley v. Mobley*, 964 F.3d 36, 44 (D.C. Cir. 2020) (quoting *Thompson Hine, LLP v. Taieb*, 734 F.3d 1187, 1189 (D.C. Cir. 2013)). Thus, to defeat Defendant Spoltore's motion to dismiss, Plaintiff Moore must provide non-conclusory allegations that, if true, would show that Defendant Spoltore had purposeful "minimum contacts" with the District such that Spoltore "should have reasonably anticipated being haled into court there." *Id.* (quoting *Thompson Hine*, 734 F.3d at 1189). Not just any connection to the District of Columbia will do. Rather, the allegations must show "a relationship among the defendant, the forum, and the litigation such that the defendant's *suit-related conduct* creates a substantial connection with the forum." *Id.* (emphasis added) (quoting *Shatsky v. Palestine Liberation Org.*, 955 F.3d 1016, 1036 (D.C. Cir. 2020)) (alterations and internal quotation marks omitted). In other words, to show specific jurisdiction, Plaintiff Moore must allege Spoltore created case-related contacts with the District of Columbia, and that such contacts were Spoltore's "own choice and not 'random, isolated, or fortuitous.'" *Ford Motor Co.*, 592 U.S. at 359.

Plaintiff Moore contends she has made this showing based on her general allegation that Spoltore conspired with Jonathon Moore (who did business in D.C.), his law firm (which allegedly had an address in D.C.), and Eccleston & Wolfe, PC (which has an office in D.C.), and that those entities' contacts with D.C. may be imputed to Spoltore. *See* Opp. at 14; Am. Compl. ¶ 26 ("At all times relevant, Defendants had continuous and systematic contacts between themselves and the District, as Defendant Moore's law offices are in Washington, DC, [and] Defendant Barzani's offices are in Washington, DC . . . which gives rise to general jurisdiction[6] over Defendants.").

---

she makes no discernible attempt to advance an argument under that provision. The Court thus focuses solely on her conspiracy jurisdiction argument.

[6] Although the Amended Complaint invokes general jurisdiction on this ground, this portion of the Amended Complaint discusses the Defendants' contacts with the District, and Moore's opposition describes these facts as

Construed charitably to Plaintiff Moore, the Court understands her to be invoking the concept of conspiracy jurisdiction. *See EIG Energy Fund XIV, L.P. v. Petróleo Brasileiro S.A.*, 246 F. Supp. 3d 52, 89 (D.D.C. 2017) (noting that "the theory of conspiracy jurisdiction" arises "under the 'transacting business' prong of the long-arm statute"). "Conspiracy jurisdiction is 'a form of long-arm jurisdiction in which the defendant's "contact" with the forum consists of the acts of the defendant's co-conspirators within the forum.'" *Yi Tai Shao v. Roberts*, No. 18-cv-1233-RC, 2019 WL 249855, at *7 (D.D.C. Jan. 17, 2019) (quoting *Youming Jin v. Ministry of State Sec.*, 335 F. Supp 2d 72, 78 (D.D.C. 2004)), *aff'd,* No. 19-5014, 2019 WL 11340269 (D.C. Cir. Nov. 13, 2019) (per curiam). "A plaintiff who seeks to establish jurisdiction over a defendant based on a co-conspirator's contacts must plead, at a minimum, that the defendant *knew* his co-conspirator was carrying out acts in furtherance of the conspiracy *in the forum*." *EIG Energy Fund XIV*, 246 F. Supp. 3d at 91.

The D.C. Circuit applies a heightened pleading requirement to assertions of conspiracy jurisdiction. "To establish jurisdiction based on defendants' conspiracy with [putative co-conspirators], plaintiffs 'must plead *with particularity* the conspiracy as well as the *overt acts within the forum* taken in furtherance of the conspiracy.'" *Companhia Brasileira Carbureto de Calicio v. Applied Indus. Materials Corp.*, 640 F.3d 369, 372 (D.C. Cir. 2011) (emphasis in original) (quoting *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1031 (D.C. Cir. 1997)). This particularity requirement is "strictly enforced, and courts in this Circuit have applied the conspiracy jurisdiction theory 'warily' in light of concerns that plaintiffs will use the

---

supporting purposeful availment. In other words, she appears to be alluding to the legal principles governing specific jurisdiction, and not just general jurisdiction. The Court thus construes Moore's pro se complaint and filings liberally and assumes she meant to invoke both general and specific jurisdiction as to Spoltore. *Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (noting that *pro se* complaints must be "liberally construed").

doctrine to circumvent the constitutional boundaries of the long-arm statute." *Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp. 2d 119, 141 (D.D.C. 2004) (quoting *Dooley v. United Techs. Corp.*, 786 F. Supp. 65, 78 (D.D.C. 1992)). Finally, because conspiracy jurisdiction is lacking unless the operative pleading "states a plausible claim of civil conspiracy," *EIG Energy Fund XIV*, 246 F. Supp. 3d at 90, Plaintiff Moore's pleading must contain sufficient factual allegations to make out a plausible claim of civil conspiracy, meaning she must allege facts showing: "1) an agreement between two or more persons; 2) to participate in an unlawful act, or to participate in a lawful act in an unlawful manner; 3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; 4) pursuant to, and in furtherance of, the common scheme," *3M Co. v. Boulter*, 842 F. Supp. 2d 85, 112 (D.D.C. 2012).

Throughout the Amended Complaint and her response to Defendant Spoltore's motion to dismiss, Plaintiff Moore alleges a broad conspiracy of (i) financial wrongdoing by certain of the other Defendants and (ii) retaliation against Plaintiff Moore for having surfaced such wrongdoing. Thus, to assert conspiracy jurisdiction over Spoltore, she must plead with particularity facts showing that Spoltore agreed to participate in that conspiracy. *See id.* Yet Plaintiff Moore alleges just one action by Defendant Spoltore: seeking sanctions in Delaware family court in Spoltore's capacity as Jonathon Moore's divorce attorney. *See* Am. Compl., ¶¶ 39, 62–64; Opp. at 10. Plaintiff Moore views this action as evincing Defendant Spoltore's participation in the conspiracy because she interprets it as an attempt "to intimidate Plaintiff from truthful testimony to federal authorities" about Jonathon Moore and others' alleged financial crimes. Opp. at 12. But although the Court must resolve all factual disputes in favor of Plaintiff Moore at this stage in the proceedings, bare allegations like these cannot contribute to meeting her burden or making a prima facie showing of personal jurisdiction, and the Court need not accept Plaintiff Moore's proposed

9

inferences if they do not follow reasonably from her well-pleaded allegations. *See Globe Metallurgical*, 177 F. Supp. 3d at 323; *Livnat*, 851 F.3d at 56–57. Here, the Amended Complaint lacks well-pleaded allegations supporting Plaintiff Moore's proposed inference that Spoltore's contempt motion in Delaware family court was filed as part of a conspiracy with any connection whatever to Washington, D.C., or that Spoltore had agreed to undertake any action on Jonathon Moore's behalf beyond representation in divorce proceedings. These allegations "fall[] well short of the particularized pleading requirements for conspiracy jurisdiction." *EIG Energy Fund XIV*, 246 F. Supp. 3d at 91. Critically, the Court declines plaintiff's invitation to infer an agreement to enter a civil conspiracy from the mere allegation of an attorney-client relationship. That fact alone simply cannot supply a prima facie showing that Spoltore contemplated unlawful conduct in concert with the members of the alleged conspiracy. As the D.C. Circuit has long recognized, "[b]ald speculation or a conclusory statement that individuals are co-conspirators is insufficient to establish jurisdiction under a conspiracy theory." *Jungquist*, 115 F.3d at 1031. The Court thus finds personal jurisdiction lacking and dismisses the claims against Spoltore.

\*\*\*

Finally, the Court briefly notes that Plaintiff Moore still has not provided satisfactory proof of service of process on Defendants Hillary Davis, Law Offices of Jonathon Moore, and Eccleston & Wolf, PC. Ordinarily, failure to serve the Amended Complaint on the named defendants, particularly after multiple extensions putting the Plaintiff on notice of the need for proof of service, would require dismissal. *See* Fed. R. Civ. P. 4(m).

The Court, however, is mindful that "[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). Out of leniency, the Court will allow

Moore a final thirty-day extension to effectuate service of process on the remaining named Defendants. Failure to do so will result in dismissal without prejudice as against those Defendants.

## IV. CONCLUSION

For the forgoing reasons, Defendant Spoltore's Motion [ECF No. 13] to Dismiss will be **GRANTED** and the Amended Complaint will be **DISMISSED** without prejudice as to Defendant Spoltore.

A separate Order will issue this date.

Date: August __18__, 2025

Royce C. Lamberth
United States District Judge