UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAHTAUB MOORE,

    *Plaintiff,*

v.                            Civil Action No. 1:24-cv-01814 (RCL)

LAW OFFICES OF JONATHON MOORE, PLLP

ET AL.,

    *Defendants.*

### PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO REOPEN CASE

## I. INTRODUCTION

1.  The Court dismissed this case with prejudice and terminated all defendants on March 17, 2026 (Exhibit A). That dismissal constitutes clear error, manifest injustice, and a violation of due process because Plaintiff filed a Motion to deem service effective and for fraud on the Court on September 16, 2025, ECF No. 44, describing the fraud on the Court pertaining to defendants deliberate instructions to front reception personnel defendants were not present, not located at the address of service and effective service.

2.  Plaintiff filed a motion for leave to amend with a proposed amended complaint on July 28, 2025, adding John and Jane Doe defendants (excluding Leslie Spoltore and are not sought to be added as defendants at this time and with this reconsideration) ECF No 36.

3.  The Court never ruled on either motion, and the Court's dismissal was based on issues that the outstanding motions directly addressed.

## II. LEGAL STANDARD

1



RECEIVED

APR 06 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

4. Reconsideration is appropriate to correct clear error or prevent manifest injustice. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Relief is also warranted for mistake, oversight, or extraordinary circumstances. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988).

## III. ARGUMENT

### A. Failure to Rule on Motion Regarding Service and Fraud

5. Plaintiff filed a motion to deem service effective and establish fraud as established in ECF no.   The Court's failure to consider such a dispositive motion constitutes error. *See Ciralsky v. CIA,* 355 F.3d 661 and *Peterson v. Archstone Communities LLC*, 637 F.3d 416.

### B. Service Was Proper or Obstructed

6. The record and shows attempted service at Defendant's official address and misrepresentation by Defendant. Defendant Law Offices of Jonathon Moore, as alleged in another District Court for the District of Columbia case, attempted to conceal his DC address by removing it from online member directories on the DC Bar website but listed the service address on the reciprocal NY Bar Association proving service was effective and defendants' conduct constituted fraud on the Court, ECF no.  The exhibits were included in Plaintiff's motion to effect service which was never ruled on by the court and Rule 4 is liberally construed. See *Light v. Wolf,* 816 F.2d 746 and *Novak v. World Bank,* 703 F.2d 1305. Fraud must be addressed by the Court. See *Hazel-Atlas*, 322 U.S. 238 and *Chambers*, 501 U.S. 32.

### C. Failure to Rule on Motion for Leave to Amend

Plaintiff filed a motion for leave to amend with a proposed amended complaint adding John and Jane Doe defendants in 2025. This amendment followed a prior amendment and required leave, which Plaintiff properly sought. Failure to consider the amendment is error. The Supreme Court

has made clear that "outright refusal to grant the leave without any justifying reason… is… abuse of discretion." *Foman v. Davis,* 371 U.S. 178, 182 (1962). The D.C. Circuit likewise holds that failure to consider amendment before dismissal constitutes reversible error. *See Ciralsky v. CIA*, 355 F.3d 661, 673–74 (D.C. Cir. 2004). And where, as here, a plaintiff properly files a motion for leave to amend, Rule 15 requires liberal consideration of that request *See Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006).

The Court's failure to rule on Plaintiff's motion for leave to amend—accompanied by a proposed amended complaint—constitutes clear error and an abuse of discretion.

**D. Plaintiff Could Not Serve Doe Defendants Without Leave**

Plaintiff properly filed a Motion for Leave to Amend with the proposed amended complaint, however, without leave no summons could be issued, and service could not proceed. Plaintiff acted properly "the plaintiff should be given an opportunity… to identify the unknown defendants." See *Gillespie*, 629 F.2d, 637. "Dismissal is improper when it is clear that discovery would uncover the identities of the unknown defendants." (*Munz*, 758 F.2d, 1254).  Plaintiff's Motion for Leave to Amend was specific and provided countless details on the proposed John Doe defendants including evidence based on public records, public court filings and databases, and credible undisputed investigative reports both by independent accountability groups and U.S. Treasury sanctions lists.  Plaintiff's Motion for Leave to Amend provided more than necessary information and went beyond what is required in the pleading stage prior to discovery; all unfortunately never ruled on by the Court.

**E. Dismissal With Prejudice Was Improper**

Dismissal with prejudice is a drastic remedy. Dismissal with prejudice is a drastic remedy reserved for extreme circumstances and should be used sparingly. See *Bristol*

*Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990); *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998). The D.C. Circuit requires that such a sanction be supported by a clear record of delay, contumacious conduct, or failure to comply with court orders, and that lesser sanctions be considered before imposing dismissal with prejudice. Id. Here, none of those circumstances exist. Plaintiff actively litigated the case, filed a motion to deem service effective, and sought leave to amend with a proposed amended complaint to properly identify additional defendants. Rather than addressing those pending motions—which directly bore on the issues of service and party identification—the Court dismissed the case with prejudice. Under controlling precedent, dismissal with prejudice in these circumstances is disproportionate, constitutes clear error, and results in manifest injustice.

### F. Due Process Violations

Due process requires a meaningful opportunity to be heard. Dismissal with prejudice is a drastic remedy reserved for extreme circumstances and should be used sparingly. See *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990); *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998). The D.C. Circuit requires that such a sanction be supported by a clear record of delay, contumacious conduct, or failure to comply with court orders, and that lesser sanctions be considered before imposing dismissal with prejudice. *Bristol Petroleum*, 901 F.2d at 167; *Webb*, 146 F.3d at 971.

Here, none of those circumstances exist. Plaintiff actively litigated the case, filed a motion to deem service effective, and sought leave to amend with a proposed amended complaint to properly identify additional defendants. Rather than addressing those pending motions—which directly impact the issues of service and party identification—the Court dismissed the case with prejudice. Under controlling precedent, dismissal with prejudice in these

4

circumstances is disproportionate, constitutes clear error, and results in manifest injustice.

The Court's failure to rule on two dispositive motions further constitutes procedural unfairness

requiring reconsideration. See *Ciralsky v. CIA*, 355 F.3d 661, 673–74 (D.C. Cir. 2004); *Twelve*

*John Does v. District of Columbia*, 841 F.2d 1133, 1139 (D.C. Cir. 1988).

## IV. RELIEF REQUESTED

Plaintiff respectfully requests:

1. Vacatur of the dismissal (ECF No. 46);
2. Reopening of the case;
3. Rulings on pending motions (ECF No.'s 36 and 44);
4. Extension of time under Rule 4(m), if necessary;
5. Reinstatement of defendants with the exception of Leslie Spoltore.

## V. CONCLUSION

The Court dismissed this action without ruling on pending dispositive motions, resulting

in clear error and a violation of due process. Reconsideration and reopening are required.

Respectfully submitted,

*mattie moore*

Mahtaub Moore, Plaintiff                                     Date: April 3, 2026
1 Wood Road
Wilmington, DE 19806
M22strategies@gmail.com